**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN CRAIG MORRIS,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:15-CV-3041-BF | |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| **Acting Commissioner of the Social** § | | |
| **Security Administration,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Craig Morris ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). Tr. 180, ECF No. 12-6. For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments including, severe pain in his neck, shoulder, and left arm. Tr. 193, ECF No. 12-6. After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the time of the hearing, Plaintiff was 45 years old. Tr. 196, ECF No. 12-6. Plaintiff has some high school education, but Plaintiff did not graduate from high school. Tr. 196, ECF No. 12-6. Plaintiff has past work experience as a cook, a construction helper, a bartender, and a bartender helper. Tr. 196, ECF No. 12-6. Plaintiff has not engaged in substantial gainful activity since April 27, 2012. Tr. 180, ECF No. 12-6.

On February 27, 2014, the ALJ issued his decision finding that Plaintiff was not disabled. Tr. 186, ECF No. 12-6. The ALJ determined that Plaintiff suffered from the following severe impairments: disorder of the back, status post spinal fusion, and osteoarthritis. Tr. 182, ECF No. 12-6. The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Tr. 183, ECF No. 12-6. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Tr. 183, ECF No. 12-6. In considering whether Plaintiff was able to do any other work considering his RFC, education, age, and work experience, the Vocational Expert testified that Plaintiff was able to perform the tasks of a food and beverage order clerk, telephone quotation clerk, and a document preparer for microfilming. Tr. 197, ECF No. 12-6. The ALJ concluded that Plaintiff could perform the tasks of these jobs. Tr. 186, ECF No. 12-6. Plaintiff appealed that decision to the Appeals Council. Tr. 1, ECF No. 12-3. The Appeals Council denied Plaintiff's request for review on August 21, 2015. Tr. 1, ECF No. 12-3. Plaintiff subsequently filed this action in the Northern District of Texas on September 18, 2015. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized.

3

*Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## **ANALYSIS**

Among other arguments, Plaintiff argues that the final decision of the Commissioner must

be reversed because the additional evidence submitted to the Appeals Council includes conditions that the ALJ never considered, including limitations in Plaintiff's upper extremities. *See* Pl.'s Br. 26-28, ECF No. 16. In the Response, the Commissioner contends that, while Plaintiff argues that he submitted over 700 pages of medical evidence that include clinical findings which undermine the ALJ's conclusion that Plaintiff's physical examinations were "largely unremarkable," Plaintiff never argued that the conditions constitute severe impairments or that the new evidence conflicts with the ALJ's finding that Plaintiff could perform sedentary work. Def.'s Resp. 17-18, ECF No. 17. In the Reply, Plaintiff argues that, contrary to the Commissioner's argument that the error was harmless, the new evidence appears to indicate greater limitations in Plaintiff's upper extremities and cervical spine, and address conditions never considered by the ALJ, including Plaintiff's knee injury, anxiety, and depression. Reply 9, ECF No. 18.

"Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits." *Taylor v. Colvin*, No. 3:12-CV-2750-P (BN), 2013 WL 5345840, at *4 (N.D. Tex. Sept. 24, 2013) (citing 20 C.F.R. §§ 404.970(b), 404.976(b); *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 332 (N.D. Tex. 2003)). "The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant." *Id.* "The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the 'final decision' and, as such, is reviewable in federal court." *Id.* (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005)). "In the Fifth Circuit, 'evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision.'" *Id.* (quoting *McGee v. Astrue*, No. 08-831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009);

5

citing *Higginbotham*, 405 F.3d at 332; citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006)). "New evidence justifies remand only if it is material." *Id.* (citing *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *James v. Astrue*, No. 3:11-CV-136-BD, 2012 WL 920014, at *4 (N.D. Tex. Mar. 19, 2012)).

Evidence is considered "material" where "(1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination." *Id.* (citing *James*, 2012 WL 920014, at *4). "If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence." *Id.* (citing *James*, 2012 WL 920014, at *4; *Higginbotham*, 163 F. App'x at 281-82)). "If the Appeals Council has failed to sufficiently evaluate new medical evidence that is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded to the Commissioner so that the new evidence can be properly weighed." *Id.* (citing *Booker v. Astrue*, No. 3:10-CV-1940-P (BF), 2011 WL 4031096, at *7 (N.D. Tex. Aug. 15, 2011); *Brown v. Astrue*, No. 3:10-CV-275-O, 2010 WL 3895509, at *4-6 (N.D. Tex. Sept. 13, 2010); *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010)).

As argued by the Commissioner, the "regulations do not require the AC to provide a discussion of the newly submitted evidence or give reasons for denying review[.]" *Sun v. Colvin*, 793 F.3d 502, 512 (5th Cir. 2015); Def.'s Br. 18, ECF No. 17. However, remand is proper where "the newly submitted evidence is significant, and casts doubt on the soundness of the ALJ's findings," even if the evidence "does not necessarily contradict the ALJ's decision." *Id.* Here, even if Plaintiff's

new evidence does not necessarily conflict with the ALJ's findings as argued by the Commissioner, the evidence is significant and raises questions regarding the soundness of the findings. *See* Def.'s Resp. 17-18, ECF No. 17. As Plaintiff points out, the new evidence may show greater limitations and addresses conditions that have not been considered by the ALJ. Reply 9, ECF No. 18. If a fact finder has not made findings regarding significant new evidence, the Court may appropriately remand so that such findings could be made. *See Sun*, 793 F.3d at 513 ("Despite the significance of this new evidence, no fact finder has made findings regarding the LSU clinical reports or attempted to reconcile these reports with other conflicting and supporting evidence in the record. 'Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance.'" (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (5th Cir. 2011); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Therefore, the Court remands this matter so that the Commissioner can make findings regarding Plaintiff's new evidence.[1]

### CONCLUSION

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 12th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because the Court finds that this case should be remanded based on Plaintiff's new evidence argument, the Court pretermits consideration of Plaintiff's remaining grounds for reversal.